UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ALICIA FIELDS and §<br>KATHERINE SARIGUMBA §<br>Individually and on Behalf of all others §<br>similarly situated, §<br> §<br>  Plaintiffs, §<br> §<br>vs. §<br> §<br>LEADING EDGE §<br>CONNECTIONS, LLC §<br> §<br>  Defendant. § | CIVIL ACTION NO. 8:23-cv-1809 |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Alicia Fields and Katherine Sarigumba ("Plaintiffs"), on behalf of themselves and all others similarly situated, file this Collective Action Complaint ("Complaint"), as follows:

### I.   PRELIMINARY STATEMENT

1. Leading Edge Connections, LLC ("Defendant" or "LEC") is an employer of Plaintiffs and others similarly situated. Alicia Fields has worked for LEC since August of 2022 and remains employed with LEC as of the filing of this Complaint. Katherine Sarigumba has worked for LEC from March of 2022 and remains employed with LEC as of the filing of this Complaint. While employed as customer service representatives by LEC, Plaintiffs have been misclassified as independent contractors, despite the fact that they work full time for LEC, and virtually every aspect of their job is controlled by LEC. LEC misclassified Plaintiffs and other customer service representatives as independent contractors to avoid paying employment taxes, benefits and overtime. During their time with LEC, Plaintiffs have routinely worked more than 40 hours per week. Plaintiffs received "straight time" (i.e. a flat hourly rate) regardless of the number of hours they worked in a given week, and never received time-and-a-half for hours they work

above forty in a week. On information and belief, there are a large number of customer service representatives working for LEC, all of whom: (1) have worked more than forty hours in a week, (2) are classified as independent contractors and (3) are paid straight time and denied overtime pay.

2. Plaintiffs, on behalf of themselves and all others similarly situated, bring this collective action to recover overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 et. seq. (the "FLSA").

3. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **ALL CUSTOMER SERVICE REPRESENTATIVES (OR OTHER POSITIONS WITH SIMILAR JOB TITLES OR JOB DUTIES) DURING THE PAST 3 YEARS WHO WERE CLASSIFIED AS INDEPENDENT CONTRACTORS AND PAID STRAIGHT TIME FOR ALL HOURS WORKED (THE "FLSA COLLECTIVE MEMBERS").**

4. For at least three years prior to the filing of this Complaint, Defendant willfully violated the FLSA by failing to pay these employees for overtime hours worked in excess of forty hours per week at one-and-a-half times their regular rate of pay.

## II.     PARTIES

5. Plaintiffs are individuals - Plaintiff Alicia Fields resides in the state of Washington, while Plaintiff Katherine Sarigumba resides in Texas. Plaintiffs' Notices of Consent are attached hereto as Exhibits 1 and 2.

6. LEC is a Florida corporation with its principal place of business in Tampa, Florida.

## III.     JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair

Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

8. This Court has personal jurisdiction over LEC because it is a Florida resident. This Court's assertion of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district and division. Namely, Defendant is headquartered in Tampa, and thus the misclassification policy that is the subject of this lawsuit was devised and implemented in this district and division.

## IV. COVERAGE

10. At all relevant times, LEC acted, directly or indirectly, as an employer of Plaintiffs and others similarly situated. LEC was responsible for all decisions related to the wages to be paid to Plaintiffs and the potenttial FLSA Collective Members, the work to be performed by them, the locations of work performed by them, the hours to be worked by them, and the compensation policies with respect to them.

11. At all relevant times, Defendant has operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all relevant times, Defendant has operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said

enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

13. At all relevant times, Plaintiffs (and others similarly situated) were employees for Defendant who was engaged in commerce or in the production of goods for commerce.

## V.     FACTUAL BACKGROUND

14. LEC touts itself as a "cutting-edge virtual contact center." LEC contracts with third parties to provide customer service support to the third party client's customers. LEC refers to the third-party clients that it contracts with as "Verticals."[1] To provide such services, LEC hires individuals such as Plaintiffs who work remotely at their homes. These workers, known as customer service representatives, take calls from customers or potential customers of the Verticals to resolve complaints, process orders, and provide information about an organization's products and services.

15. On information and belief, LEC currently has hundreds of customer service representatives working for it. LEC has classified a large number of its customer service representatives as independent contractors over the past several years. For example, Plaintiff Katherine Sarigumba has always been classified as an independent contractor from the time she started in March of 2022 until the present date. However, as of April 30, 2023, LEC made the decision to switch **all** of its customer service representatives from employees to independent contractors. Plaintiff Alicia Fields was re-classified from an employee of LEC to an independent contractor at this time, as were many other LEC customer service representatives.

16. Tellingly, neither the relative degree of control, the relative investment of the parties, or any of the other factors used to assess the independent contractor/employee

---

[1] Some of LEC's recent third-party clients, or Verticals, have included Universal Music; Cavender's Boot City; and American Well Corporation d/b/a Amwell.

classification issue changed in any respect when Plaintiff Alicia Fields and the other customer service representatives were re-classified from employees to independent contractors in April of this year. In fact, the only thing that changed was that the customer service representatives such as Ms. Fields (who were prohibited from working more than 40 hours per week when they were classified as employees) were told that they could begin working more than 40 hours per week, since LEC would be saving money by paying them only straight time for their overtime.

17. All of the factors used to assess whether Plaintiffs and the FLSA Collective Members are independent contractors or employees support a finding of employee status. First, LEC exerts substantial control over the FLSA Collective Members - LEC's business model requires it to tightly monitor Plaintiffs and the FLSA Collective Members to meet its clients' needs. In addition, LEC or its clients provide Plaintiffs and the FLSA Collective Members with detailed scripts which leave them little control over how they perform their jobs. Because Plaintiffs and other FLSA Collective Members are paid straight time, and because their hourly rate and schedules are set by LEC, the FLSA Collective Members are not given any opportunity to share in the profit and/or loss of their services. They are not allowed the freedom to take or reject assignments - instead they must report to LEC's clients as ordered by LEC. Because they work full time, they are not allowed an opportunity to expand their business or to take on other assignments as true independent contractors would be expected to do. Moreover, the FLSA Collective Members perform semi-skilled labor, and are not the kind of highly-skilled workers that would typically be classified as independent contractors. The FLSA Collective Members make minimal investments to perform their jobs - a computer and headset, which are present in virtually every American household in this era - and such investments pale in comparison to those made by LEC to allow the FLSA Collective Members to perform their jobs. The FLSA Collective Members have a high

degree of permanency with LEC - they work full time for LEC for months or years at a time. Finally, the work performed by Plaintiffs and the FLSA Collective Members - customer service - is a core, integral function of LEC's business.

18. No exemption excuses Defendant from paying Plaintiffs and other similarly situated FLSA Collective Members overtime rates under the FLSA.

19. Defendant has failed to make a good faith effort to comply with the FLSA. Instead, Defendant knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation. Plaintiffs and those similarly situated are entitled to liquidated damages for such conduct.

1920. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

21. Plaintiffs have retained the undersigned counsel to represent them and those similarly situated in this action. Pursuant to the FLSA, Plaintiffs and those similarly situated are entitled to recover all reasonable attorney's fees and costs incurred in this action.

### VI. COLLECTIVE ACTION ALLEGATIONS

22. Other employees of Defendant have been victimized by the pattern, practice and policy of Defendant. Plaintiffs are aware that the illegal practices and policies of LEC have been imposed on other, similarly situated workers.

23. Plaintiffs bring their claims on behalf of all current and former FLSA Collective Members, or similar job descriptions or titles, who worked for LEC.

24. Defendant's compensation policies and procedures with respect to Plaintiffs and the FLSA Collective Members are substantially similar, if not identical.

25. Defendant's pattern of failing to pay overtime compensation as required by the FLSA results from Defendant's general application of compensation policies and procedures, and does not depend on individualized circumstances of Plaintiffs or other FLSA Collective Members.

26. Although the issue of damages may be individual in character, this does not detract from the common nucleus of facts with respect to Defendant's liability under the FLSA.

27. Plaintiffs file this case as a collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiffs bring these claims on their own behalf and on behalf of those similarly situated who have not been fully compensated at the required pay rates for all work performed, time spent, and activities conducted for the benefit of Defendant.

28. Plaintiffs request that Defendant identify all FLSA Collective Members, including their names, dates of employment, job titles, last know addresses, e-mail addresses, and telephone numbers (including mobile phone numbers) of the FLSA Collective Members, to facilitate notice to them.

29. Plaintiffs seek to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiffs' counsel as required by 29 U.S.C. § 216(b).

30. Plaintiffs will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

### VII. CAUSE OF ACTION - VIOLATION OF THE FLSA

31. The foregoing allegations are incorporated herein by reference.

32. Plaintiffs and others similarly situated were non-exempt employees of LEC.

33. Plaintiffs and others similarly situated are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

34. LEC violated 29 U.S.C. § 201 et. seq. by willfully failing to pay Plaintiffs and others similarly situated overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

35. Plaintiffs, individually and on behalf of others similarly situated, seek all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VIII. DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

## IX. RELIEF SOUGHT

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Members, prays for relief against LEC as follows:

A. At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or the Court should issue such notice, to all Collective Action Members who are/were employed by Defendant during the applicable statute of limitations. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime wages;

B. Unpaid wages, statutory penalties and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 et seq., the supporting United States Department of Labor

regulations, as well as Defendant's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

C. Pre and post-judgment interest;

D. A reasonable incentive award for Plaintiffs to compensate them for the time and effort they have spent protecting the interests of other FLSA Collective Members, and the risks they have undertaken;

E. Attorneys' fees and costs of the action, including expert fees; and

F. Injunctive, equitable, or other relief as this Court deems just and proper.

Dated this 11th day of August, 2023
Boca Raton, FL

Respectfully submitted,

/s/ Alan L. Quiles_____
SHAVITZ LAW GROUP, P.A.
Alan L. Quiles, Fla. Bar No. 62431
aquiles@shavitzlaw.com
Gregg I. Shavitz, Fla. Bar No. 11398
gshavitz@shavitzlaw.com
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888

Josh Borsellino
TX Bar No. 24045532 (*Pro Hac Vice* Forthcoming)
Borsellino, P.C.
Office Address:
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Mailing Address:
3267 Bee Cave Rd., Ste. 107, Box # 201
Austin, TX 78746
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com

**ATTORNEYS FOR PLAINTIFFS**